**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

```
_____
                               :
PEDRO JUAN CONCEPCION,         :
                               :   Civil Action No. 10-5419 (AET)
            Petitioner,        :
                               :
       v.                      :       O P I N I O N
                               :
STATE OF NEW JERSEY,           :
                               :
            Respondent.        :
_____:
```

**APPEARANCES:**

Pedro Juan Concepcion, Pro Se
300652B/214004
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

Simon Louis Rosenbach, Assistant Prosecutor
Middlesex County Prosecutor's Office
25 Kirkpatrick Street, 3d Floor
New Brunswick, NJ 08901
Attorney for Respondent (NO APPEARANCE MADE ON DOCKET)

**THOMPSON, District Judge**

Petitioner, Pedro Juan Concepcion, a prisoner confined at the New Jersey State Prison in Trenton, New Jersey, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is the State of New Jersey.

Petitioner has filed numerous motions, which remain pending in this case, and an application to proceed in forma pauperis. Respondent filed a letter in opposition to the motions, and asserts that the petition is time-barred. For the reasons stated

herein, the application to proceed in forma pauperis will be granted. However, the petition, and pending motions, will be dismissed, without prejudice.

## BACKGROUND

According to the petition, Petitioner was convicted for murder and related charges, and sentenced on June 7, 1988, in the Superior Court of New Jersey, Middlesex County, to a sentence of "triple life w/105 yr. stip." (Petition, ¶¶ 1-3). Respondent's letter in opposition to Petitioner's motions (hereinafter "Respondent's Letter), docket entry 15, notes that Petitioner's sentence was a life term, with a 30-year period of parole ineligibility. Petitioner states that the convictions were affirmed by the Superior Court of New Jersey, Appellate Division ("Appellate Division"), and that his petition for certification to the New Jersey Supreme Court was denied. (Pet., ¶¶ 8-11). Respondent confirms that the petition for certification was denied on June 12, 1992. (Respondent's Letter, p. 2).

Petitioner notes that he filed a motion for post-conviction relief ("PCR") in the trial court, which was denied without an evidentiary hearing. (Pet., ¶¶ 12-17). Respondent confirms that two post-conviction documents were filed by Petitioner, showing 1994 dates; however, Respondent states that neither post-conviction relief document reflects a PCR motion. (Respondent's Letter, p. 2).

Petitioner filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 on or about October 19, 2010. He was advised of his rights pursuant to <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000) on November 1, 2010. Petitioner has since filed ten motions, which remain pending on this Court's docket.

In his habeas petition, Petitioner argues as Grounds for Relief that his judgment should be vacated for lack of jurisdiction. Grounds are set forth as follows:

> A. Ground I: There is a controversy in law and equity;
> B. Ground II: Petitioner['s] rights were constitutionally violated under the Thirteenth and Fourteenth Amendment . . . when the State legislation Encroached and failed to define the "man" in any of the statutes adjudicated. The statutes identify a broad definition "as to" a 'person' which failed to include the "man" that was convicted, further constituting human Rights violations.
> C. Ground III: Petitioner's [rights were violated] when both the lower court failed to establish jurisdiction on the record, thereby causing imprisonment to be false and unconstitutional.
> D. Ground IV: Fatal Defects in the State Government's Charging Instruments.
> E. Ground V: The State government lacked legislative, territorial or admiralty jurisdiction over the Locus Quo.

(Pet., ¶ 18). In all of his filings, Petitioner asserts that the state courts did not have jurisdiction over him to convict him. He further argues in one of his attachments to the petition: "The one year statute of limitations as contained in 28 U.S.C. § 2244(d) does not apply, THERE IS NO STATUTE OF LIMITATIONS to challenge VOID judgments and ORDERS that can be challenged at any

time and at any court." (Petitioner's Brief, docket entry 1-10, at p. 9).

## DISCUSSION

### A.  Pleading Standards

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

### B.  The Petition is Time-Barred

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State

4

>court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). A petitioner's ability to pursue the writ of habeas corpus is subject to various affirmative defenses, including the defense that the petition is time-barred.

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

>(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, evaluation of the timeliness of this § 2254 petition requires a determination of, first, when the pertinent judgment

became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending" for tolling purposes.

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed."  As such:

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record.  And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally.  But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted) (finding that a petition was not "[im]properly filed" merely because it presented claims that were procedurally barred

6

under New York law on the grounds that they were previously determined on the merits upon an appeal from the judgment of conviction or that they could have been raised on direct appeal but were not); see also Pace v. DiGuglielmo, 544 U.S. 408 (2005) (state PCR petition rejected as untimely under state statute of limitations was not "properly filed" for purposes of § 2244 (d)(2)).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz, 204 F.3d at 420-24.  However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) is also subject to equitable tolling.  See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195

7

F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations and punctuation marks omitted). Among other circumstances, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. See Jones, 195 F.3d at 159; see also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Here, the judgment against Petitioner was entered on in 1988. Petitioner's direct appeal concluded on June 12, 1992, and

8

the last date in which Petitioner could have petitioned the United States Supreme Court for certiorari would have been September 11, 1992. Thus, the conviction became "final" on that date. Since Petitioner's conviction became final prior to the enactment of the AEDPA, Petitioner had one-year after the enactment of the AEDPA, until April 24, 1997, to file an application for a writ of habeas corpus in this Court, challenging his conviction. It does not appear that Petitioner has done so, and it is clear that this Petition, filed in 2010, is untimely.

As pled, Petitioner asserts no facts that would indicate that his petition should be equitably tolled. Accordingly, this petition must be dismissed as time-barred. All pending motions will be dismissed as moot.

## **CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate

9

to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not find this Court's procedural ruling debatable. Accordingly, no certificate of appealability shall issue.

## CONCLUSION

For the reasons set forth above, the petition, and pending motions, are dismissed, without prejudice. If Petitioner can demonstrate that his petition should be statutorily or equitably tolled, he may file a motion to reopen the case, setting forth his argument clearly and concisely, for this Court to consider. An appropriate order follows.

/s/ Anne E. Thompson

ANNE E. THOMPSON
United States District Judge

Dated: June 9, 2011

10